IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY /s/ D.C.
05 AUG 11 AM 11:28
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

TERESKA DAVIS,

    Plaintiff,

vs.                                  No. 05-2395-D/V

UNIVERSITY OF TENNESSEE
HEALTH SCIENCE CENTER,

    Defendant.

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

---

Plaintiff Tereska Davis filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on May 27, 2005, along with a motion seeking leave to proceed in forma pauperis. Based on the information set forth in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendant as the University of Tennessee Health Science Center.

The plaintiff has filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[2] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the

---

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

2

case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Furthermore, it does not appear from the affidavit supporting plaintiff's motion that she will be unable to obtain counsel on her own. The motion for appointment of counsel is DENIED.

It is ORDERED that the Clerk shall issue process for the defendant University of Tennessee Health Science Center and deliver said process to the marshal for service. Service shall be made on the defendant pursuant to Fed. R. Civ. P. 4(h)(1). Service on the defendant shall include a copy of this order. All costs of service shall be advanced by the United States.

It is ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant or on the defendant if it has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this __31__ day of July, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02395 was distributed by fax, mail, or direct printing on August 16, 2005 to the parties listed.

---

Tereska Davis
1775 Nelson Avenue
Memphis, TN 38114

Honorable Bernice Donald
US DISTRICT COURT